Moss, Judge,
delivered the opinion of the court:
Plaintiff, Selwyn Bywater, throughout the year 1917 was a member of the stock and bond brokerage firm of F. S. Smithers and Company. He filed for that year a joint income and profits tax for himself and wife which showed no taxable net income. The Commissioner of Internal Revenue, however, caused an excess-profits tax amounting to $860 *270 to be assessed against plaintiff. It was paid under protest and this action is brought for the recovery thereof.
The excess-profits tax arises under the revenue act of 1917, 40 Stat. 302-305, the pertinent provisions of which are as follows:
Section 200 provides in part:
“ The terms £ trade ’ and ‘ business ’ include professions and occupations.”
Section 201 in so far as applicable:
“ That in addition to the taxes under existing law and under this act there shall be levied, assessed, collected, and paid for each taxable year upon the income of every corporation, partnership, or individual a tax (hereinafter in this title referred to as the tax) equal to the following percentages of the net income:
*****
“ For the purpose of this title every corporation or partnership not exempt under the provisions of this section shall be deemed to be engaged in business, and all the trades and businesses in which it is engaged shall be treated as a single trade or business, and all its. income, from whatever source derived, shall be deemed to be received from such trade or business.
“ This title shall apply to all trades or businesses of whatever description, whether continuously carried on or not, except [certain exceptions not here applicable] * * *.”
Section 203 provides in part:
“ That for the purposes of this title the deduction shall be as follows, except as otherwise in this title provided—
# ;■; iji &
“(b) In the case of a domestic partnership or of a citizen or resident of the United States, the sum of (1) an amount equal to the same percentage of the invested capital for the taxable year which the average amount of the annual net income of the trade or business during the pre-war period was of the invested capital for the pre-war period (but not less than seven or more than nine per centum of the invested capital for the taxable year), and (2) $6,000;”
*****
Section 206, second paragraph:
“ The net income of a partnership or individual shall be ascertained and returned for the calendar years nineteen hun *271 dred and eleven, nineteen hundred and twelve, and nineteen hundred and thirteen, and for the taxable year, upon the same basis and in the same manner as provided in Title I of such act of September eighth, nineteen hundred and sixteen, as amended by this act, except that the credits allowed by subdivision (5) of section five of such act shall be reduced * *
Section 209:
“That in the case of a trade or business having no invested capital or not more than a nominal capital there shall be levied, assessed, collected, and paid, in addition to the taxes under existing law and under this act, in lieu of the tax imposed by section two hundred and one, a tax equivalent to eight per centum of the net income of such trade or business in excess of the following deduction: In the case of a domestic corporation $8,000 and in the case of a domestic partnership or a citizen or resident of the United States $6,000; in the case of all other trades or business, no reduction.”
Plaintiff’s firm had no invested capital, and the deduction provided for in section 209 of said act, amounting to $6,000, is applicable to plaintiff’s case.
The amount of the excess-profits tax in this case was arrived at in the following manner: By agreement between the partners each member thereof drew as salary a certain amount monthly. In the event of profits in excess of the total of such amounts, such profits were to remain in the business, and at the expiration of each six months’ period during the year 1917, the personal accounts of each partner were to be credited or debited with his proportion of the firm’s profits or losses, as the case might be. The total sum drawn by plaintiff as salary under the above plan amounted to $16,750, and the tax paid herein was computed at 8 per cent on the difference between the specific statutory excess-profits tax exemption of $6,000 and the total amount of salary drawn for that year. Plaintiff’s firm sustained a net loss in the conduct of its business for the year 1917, and plaintiff’s proportion of said loss amounted to $17,579.96, and it is plaintiff’s contention that he was entitled to deduct from his income from the business of the firm his loss sustained as a member of said firm. The court is of the opinion that plaintiff’s theory is correct.
*272 Under the terms of section 209 of the revenue act in question an excess-profits tax “ equivalent to 8 per centum of the net income of such trade or business in excess of the following deductions: * * * and in the case of a domestic partnership or a citizen or resident of the United States $6,000: * *
There were no profits from the business of plaintiff’s firm for the year 1917. On the contrary, said firm sustained substantial losses for that year, plaintiff’s proportion of which exceeded the amount of his salary drawn from the firm. There was therefore no net income upon which an excess-profits tax could be assessed.
It is inconceivable that Congress intended to impose an excess-profits tax in a case where no profits were derived from the trade or business in excess of the statutory exemption of $6,000.00.
Plaintiff is entitled to recover. And it is so ordered.
GRaham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
Hat, Judge, absent.